| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|

| | | |
|---|---|---|
| United States of America, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action _____ |
| | § | (CDCS: 2018A60980) |
| Athletic Dreams, L.L.C., | § | |
| and Leslie D. Wincher, Individually, | § | |
| | § | |
| Defendants. | § | |

# Complaint

1.    *Jurisdiction.* The district court has jurisdiction because the United States is a party. *See* U.S. CONST., art III, § 2, and 28 U.S.C. § 1345.

2.    *Venue.* Athletic Dreams, L.L.C. ("Athletic") may be served through its managing member Leslie D. Wincher at 10723 Nicoles Place Trail, Houston, Texas 77089.  Leslie D. Wincher, individually, may be served at his home address of 10723 Nicoles Place Trail, Houston, Texas 77089.

3.    *The Debt.* The debt owed to the United States arose through a promissory note from U.S. Small Business Administration.  See Exhibit A, Note dated August 13, 2009.  The last payment on the Note was March 5, 2013.  By signing the Note Wincher became personally liable for the Note.  See Exhibit A, page 6 of 6, Section 11.  The debt on the date of the Certificate of Indebtedness, Exhibit B, was:

| | | | |
|---|---|---|---|
| A. | Current principal | $ | 158,843.28 |
| B. | Administrative fees, costs, penalties<br>(Including $400.00 Filing fee) | $ | 57,714.59 |
| C. | Balance due | $ | 216,557.87 |

D.       The current principal in paragraph 3 A is after credits of $45,772.57.

4.       *Default*. The United States has demanded that the defendants pay the indebtedness,

and the defendants have failed to pay it.

5.       *Prayer*. The United States prays for judgment for:

A.       The sums in paragraph 3, administrative costs, and post-judgment interest; and,

B.       Other relief the court deems proper.

Respectfully submitted,

CERSONSKY, ROSEN & GARCÍA, P.C.

By: /s/ M. H. Cersonsky
M. H. Cersonsky, TBN:  04048500
1770 St. James Place, Suite 150
Houston, Texas 77056
Telephone: (713) 600-8500
Fax: (713) 600-8585

Attorneys for Plaintiff

For Important Information About This Lawsuit Please See Next Page.

# Federal Court Suit

1.      **You have been served in a lawsuit.**

2.      **If you dispute the debt in it, you must file a written response to the lawsuit with the court and the government's lawyer.  If you do not, a default judgment will be taken against you.**

3.      **Your written response is due 21 days after the day you got the lawsuit papers.**

4.      **Mail your written response to:**

> **Clerk**
> **United States District Court**
> **P.O. Box 61010**
> **Houston, Texas 77208**

**and send a copy to the lawyers for the United States at:**

> **M. H. Cersonsky**
> **Cersonsky, Rosen & García, P.C.**
> **1770 St. James Place, Suite 150**
> **Houston, Texas 77056**

**Be sure to put your case number and name on your response.**

5.      **If you do not dispute the debt claimed in the lawsuit and want a payment plan, please contact Eddith Salazar at (713) 600-8500.**



**U.S. Small Business Administration**

# NOTE

| SBA Loan # | 344-981-5002 |
|---|---|
| SBA Loan Name | Athletic Dreams LLC |
| Date | 08/13/09 |
| Loan Amount | $170,000.00 |
| Interest Rate | Wall Street Journal + 2.75 % |
| Borrower | Athletic Dreams LLC |
| Operating Company | N/A |
| Lender | First Bank |

1. PROMISE TO PAY:

In return for the Loan, Borrower promises to pay to the order of Lender the amount of

One Hundred Seventy- Thousand and No/100 _____ Dollars,

interest on the unpaid principal balance, and all other amounts required by this Note.

2. DEFINITIONS:

"Collateral" means any property taken as security for payment of this Note or any guarantee of this Note.

"Guarantor" means each person or entity that signs a guarantee of payment of this Note.

"Loan" means the loan evidenced by this Note.

"Loan Documents" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who pledges collateral.

"SBA" means the Small Business Administration, an Agency of the United States of America.



PLAINTIFF'S
EXHIBIT
A
ALL-STATE LEGAL®

3. PAYMENT TERMS:

Borrower must make all payments at the place Lender designates. The payment terms for this Note are:

The initial interest rate is 5.50% per year until December 31, 2009. This initial rate is the prime rate in effect on the first business day of the month in which SBA received the loan application, plus 2.25%. The interest rate on this Note will then begin to fluctuate as described below. The initial interest rate must remain in effect until the first change period begins.

Borrower must pay a total of four payments of interest only on the disbursed principal balance beginning one month from the month this Note is dated and every month thereafter; payments must be made on the thirteenth calendar day in the months they are due.

Borrower must pay principal and interest payments of $2,583.50 every month, beginning five months from the month this Note is dated; payments must be made on the thirteenth calendar day in the months they are due.

Lender will apply each installment payment first to pay interest accrued to the day Lender receives the payment, then to bring principal current, then to pay any late fees, and will apply any remaining balance to reduce principal.

The interest rate will be adjusted every calendar quarter (the "change period").

The "Prime Rate" is the prime rate in effect on the first business day of the month (as published in the Wall Street Journal) in which SBA received the application, or any interest rate change occurs. Base Rates will be rounded to two decimal places with .004 being rounded down and .005 being rounded up.

The adjusted interest rate will be 2.75% above the Prime Rate. Lender will adjust the interest rate on the first calendar day of each change period. The change in interest rate is effective on that day whether or not Lender gives Borrower notice of the change.

Lender must adjust the payment amount at least annually as needed to amortize principal over the remaining term of the note.

If SBA purchases the guaranteed portion of the unpaid principal balance, the interest rate becomes fixed at the rate in effect at the time of the earliest uncured payment default. If there is no uncured payment default, the rate becomes fixed at the rate in effect at the time of purchase.

Interest Calculation Method: Interest on this Note is computed on a 365/365 simple interest basis; that is, by applying the ratio of the interest rate over the number of days in a year, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Note is computed using this method.

Loan Prepayment:

Notwithstanding any provision in this Note to the contrary:

Borrower may prepay this Note. Borrower may prepay 20% or less of the unpaid principal balance at any time without notice. If Borrower prepays more than 20% and the Loan has been sold on the secondary market, Borrower must:

Give Lender written notice;

Pay all accrued interest; and

If the prepayment is received less than 21 days from the date Lender receives the notice, pay an amount equal to 21 days' interest from the date lender receives the notice, less any interest accrued during the 21 days and paid under subparagraph b., above.

If Borrower does not prepay within 30 days from the date Lender receives the notice, Borrower must give Lender a new notice.

All remaining principal and accrued interest is due and payable 7 years from date of Note.

Late Charge: If a payment on this Note is more than 10 days late, Lender may charge Borrower a late fee of up to 5.00% of the unpaid portion of the regularly scheduled payment.

SBA Form 147 (06/03/02) Version 4.1

This form was electronically produced by PCFS 2000

4.  DEFAULT:

Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower or Operating Company:

A.  Fails to do anything required by this Note and other Loan Documents;

B.  Defaults on any other loan with Lender;

C.  Does not preserve, or account to Lender's satisfaction for, any of the Collateral or its proceeds;

D.  Does not disclose, or anyone acting on their behalf does not disclose, any material fact to Lender or SBA;

E.  Makes, or anyone acting on their behalf makes, a materially false or misleading representation to Lender or SBA;

F.  Defaults on any loan or agreement with another creditor, if Lender believes the default may materially affect Borrower's ability to pay this Note;

G.  Fails to pay any taxes when due;

H.  Becomes the subject of a proceeding under any bankruptcy or insolvency law;

I.  Has a receiver or liquidator appointed for any part of their business or property;

J.  Makes an assignment for the benefit of creditors;

K.  Has any adverse change in financial condition or business operation that Lender believes may materially affect Borrower's ability to pay this Note;

L.  Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without Lender's prior written consent; or

M.  Becomes the subject of a civil or criminal action that Lender believes may materially affect Borrower's ability to pay this Note.


5.  LENDER'S RIGHTS IF THERE IS A DEFAULT:

Without notice or demand and without giving up any of its rights, Lender may:

A. Require immediate payment of all amounts owing under this Note;

B. Collect all amounts owing from any Borrower or Guarantor;

C. File suit and obtain judgment;

D. Take possession of any Collateral; or

E. Sell, lease, or otherwise dispose of, any Collateral at public or private sale, with or without advertisement.


6.  LENDER'S GENERAL POWERS:

Without notice and without Borrower's consent, Lender may:

A. Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses;

B. Incur expenses to collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If Lender incurs such expenses, it may demand immediate repayment from Borrower or add the expenses to the principal balance;

C. Release anyone obligated to pay this Note;

D. Compromise, release, renew, extend or substitute any of the Collateral; and

E. Take any action necessary to protect the Collateral or collect amounts owing on this Note

This form was electronically produced by PCFS 2000

SBA Form 147 (05/03/02) Version 4 1

7.   WHEN FEDERAL LAW APPLIES:

When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

8.   SUCCESSORS AND ASSIGNS:

Under this Note, Borrower and Operating Company include the successors of each, and Lender includes its successors and assigns.

9.   GENERAL PROVISIONS:

A.   All individuals and entities signing this Note are jointly and severally liable.

B.   Borrower waives all suretyship defenses.

C.   Borrower must sign all documents necessary at any time to comply with the Loan Documents and to enable Lender to acquire, perfect, or maintain Lender's liens on Collateral.

D.   Lender may exercise any of its rights separately or together, as many times and in any order it chooses. Lender may delay or forgo enforcing any of its rights without giving up any of them.

E.   Borrower may not use an oral statement of Lender or SBA to contradict or alter the written terms of this Note.

F.   If any part of this Note is unenforceable, all other parts remain in effect.

G.   To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that Lender did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale.

10.   STATE-SPECIFIC PROVISIONS:

*****NONE*****

This form was electronically produced by PCFS 2000

SBA Form 147 (06/03/02) Version 4 1

11.   BORROWER'S NAME(S) AND SIGNATURE(S):

By signing below, each individual or entity becomes obligated under this Note as Borrower.

Athletic Dreams LLC

| Signature: | | Date: |
|---|---|---|
| | Managing Member | 08/13/09 |
| Leslie Deon Wincher | | |



DEPARTMENT OF THE TREASURY
BUREAU OF THE FISCAL SERVICE
WASHINGTON, DC 20227

ACTING ON BEHALF OF
U.S. SMALL BUSINESS ADMINISTRATION
CERTIFICATE OF INDEBTEDNESS

Debtor Name(s) and
Address(es):

**Athletic Dreams, L.L.C.**
**10723 Nicoles Place Trail**
**Houston, TX 77089**

**Leslie D. Wincher**
**10723 Nicoles Place Trail**
**Houston, TX 77089**

**Total debt due United States as of August 22, 2018:**
**Principal: $158,843.28**
**Treasury and DOJ fee: $ 57,314.59**
**(pursuant to 31 U.S.C. 3717(e) and 3711(g)(6) and 28 U.S.C. 527, Note)**
**TOTAL: $216,157.87**

I certify that the U. S. Small Business Administration (SBA) records show that the codebtors named above are indebted to the United States in the amount stated above

The claim arose in connection with the codebtors' March 2013 default on a $170,000.00 SBA-insured loan.

CERTIFICATION:   Pursuant to 28 USC s 1746, I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief based upon information provided by the U. S. Small Business Administration.

Date: _8/22/2018_

Regina Crisafulli
Financial Program Specialist
U.S. Department of the Treasury
Bureau of the Fiscal Service

ALL-STATE LEGAL®
PLAINTIFF'S
EXHIBIT
B